# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **SIEKEI ASIEDU,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No: 4:11-CV-3173-CLS-PWG |
| ) | |
| **ERIC HOLDER, Attorney General,** ) | |
| **et al.,** ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This case is before the court on the petition for a writ habeas corpus case filed pursuant to 28 U.S.C. § 2241 by Siekei Asiedu, *pro se*. The petitioner contends that he is being illegally detained by the respondents and that he is due to be released from custody pending his removal to Ghana under the Immigration and Nationality Act. (Doc. 1). The respondents have filed a motion to dismiss this matter as being moot. (Doc. 7). Upon consideration, the court finds that the respondents' motion is due to be granted and that the petition is due to be dismissed as moot.

In support of their motion to dismiss, the respondents have filed a declaration made pursuant to 28 U.S.C. § 1746 from the Assistant Field Officer Director of the U.S. Immigration and Customs Enforcement facility in Gadsden, Alabama, where the petitioner was in custody. (Doc. 8-1). According to that declaration, the petitioner

was released from custody under order of supervision on December 8, 2011. (*Id.*) Thus, the petitioner's claim for release under an order of supervision or for repatriation is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("a case must be dismissed as moot if the court can no longer provide 'meaningful relief'"). Accordingly, this matter is due to be dismissed as moot. A separate final order will be entered.

    DONE this 18th day of April, 2012.

                                                _____
                                                United States District Judge